UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ALI ALAHERI,

                Plaintiff,

     - against -                                    **NOT FOR PUBLICATION**

STATE OF NEW YORK; JOHN DOE,            **MEMORANDUM & ORDER**
Correctional Officer at AMKC; JANE DOE,       19-CV-2311 (PKC) (LB)
Correctional Officer at AMKC; JANE DOE,
Nurse at AMKC; JOHN DOE, Medical Doctor
at AMKC; JOHN DOE, Psychiatrist at
AMKC,

                Defendants.
---------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

       Plaintiff Ali Alaheri, currently incarcerated at Otis Bantum Correctional Center, brings this *pro se* action pursuant to 42 U.S.C. § 1983 against the state of New York and various employees of the Anna M. Kross Center ("AMKC"). (*See generally* Complaint, Dkt. 1.) He seeks damages and injunctive relief. (*Id.* ¶¶ 8, 30–31.) Plaintiff paid the filing fee. (*See* 4/19/2019 Docket Entry.) For the reasons discussed below, Plaintiff's claim against the State of New York is dismissed, but Plaintiff's claims against the remaining individual unnamed Defendants will proceed.

## BACKGROUND

       Plaintiff alleges that on January 30, 2019, while housed in the 11B MOD dormitory of the AMKC, Plaintiff was threatened by another inmate at breakfast and removed to the sick call holding cell. (Complaint ¶¶ 13–14.) Over the course of the next three days, from January 30, 2019 to February 1, 2019, Plaintiff alleges that despite his repeated requests to be moved to a safe house and given his medication to treat his mental illness, he was detained in the holding cell in poor and unsanitary conditions, including no mattress, blanket, or shower, and deprived of his

1

psychotropic medications.  (*Id.* ¶¶ 17, 20–28.)  He also alleges that he fainted and was suicidal and that despite being covered in his vomit, the cell was not cleaned.  (*Id.* ¶¶ 22–23, 25.)  He seeks damages and an order declaring that Defendants violated the Constitution and admonishing them or relieving them of their duties.  (*Id.* ¶¶ 8, 30–31.)

## LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the PLRA, *sua sponte* dismissals of frivolous prisoner complaints are not only permitted but mandatory).

In reviewing a *pro se* complaint, the Court is required to read it liberally and interpret it as raising the strongest arguments it suggests.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009)).  However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is

lacking." *Clarkes v. Hughes*, No. 17-CV-00961 (JMA) (AYS), 2018 WL 5634932, at *2 (E.D.N.Y. Oct. 30, 2018) (citing *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000)). "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co.*, 211 F.3d at 700–01; *see also* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Plaintiff names the State of New York as a Defendant. (Complaint at 1.) "As a general matter, states enjoy sovereign immunity from suit in federal court, even if the claim arises under federal law." *KM Enters., Inc. v. McDonald*, 518 F. App'x 12, 13 (2d Cir. 2013) (citing U.S. Const. amend. XI; *Alden v. Maine*, 527 U.S. 706, 727–28 (1999)); *see also McCluskey v. N.Y. State Unified Court Sys.*, No. 10-CV-2144 (JFB) (ETB), 2010 WL 2558624, at *5 (E.D.N.Y. June 17, 2010) ("Absent a state's consent to suit or an express statutory waiver, the Eleventh Amendment bars federal court claims against states."), *aff'd*, 442 F. App'x 586 (2d Cir. 2011); *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011) ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."). "It is well established that New York State has not waived its sovereign immunity from Section 1983 claims." *Harrison v. New York*, 95 F. Supp. 3d 293, 314 (E.D.N.Y. 2015) (internal quotations and citation omitted) (collecting cases). Accordingly, Plaintiff's complaint against the State of New York is barred by sovereign immunity and is dismissed.[1] 28 U.S.C. § 1915A(b); Fed. R. Civ. P. 12(h)(3).

---

[1] The Court notes that "[i]t is an open question in the Second Circuit whether claims of Eleventh Amendment sovereign immunity should be viewed as raising a question of subject matter jurisdiction." *Harrison*, 95 F. Supp. 3d at 313 n.6 (internal quotations and citation omitted); *see also Carver v. Nassau Cty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013) ("[W]hether the

3

**CONCLUSION**

Plaintiff's § 1983 complaint against the State of New York is dismissed on the basis of sovereign immunity. 28 U.S.C. §1915A(b); Fed. R. Civ. P. 12(h)(3). Defendant State of New York is hereby terminated from this action. Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Plaintiff's claims against the five unnamed employees of AMKC will proceed. Pursuant to the holding in *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Court directs the Corporation Counsel of the City of New York to provide the full names and service addresses of the five Anna M. Kross Center employees named in the complaint within thirty (30) days of receiving this Order. The Court notes that Plaintiff's complaint provides the date, time, and the location of each incident and identifies the profession of the unnamed individual Defendants involved; this should assist Corporation Counsel in identifying the two correctional officers, nurse, doctor and psychiatrist that

---

claim of sovereign immunity constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense is an open question in the Supreme Court and the Second Circuit."). "The Supreme Court has, however, referred in dicta to Eleventh Amendment sovereign immunity as implicating subject matter jurisdiction . . . ." *Garcia v. Paylock*, No. 13-CV-2868 (KAM), 2014 WL 298593, at *2 n.3 (E.D.N.Y. Jan. 28, 2014) (citing *Va. Office for Prot. & Advocacy*, 563 U.S. at 253–55; *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).

Even if a claim of sovereign immunity does not implicate the Court's subject matter jurisdiction, the Court nonetheless finds dismissal appropriate, as the State of New York's claim of sovereign immunity necessarily indicates that Plaintiff has failed to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(b) (requiring the Court to *sua sponte* dismiss a prisoner's complaint when it "fails to state a claim upon which relief may be granted"). Furthermore, even if New York was not immune to Plaintiff's claims, the claims would still be dismissed as Plaintiff has not made any allegations against it; his allegations concern a New York *City*, rather than *State*, jail. *See Facilities Overview*, http://www1.nyc.gov/site/doc/about/facilities .page (last visited May 2, 2019) (noting that the AMKC is a facility under the control of the New York City Department of Correction).

Plaintiff names as Defendants. Corporation Counsel need not undertake to defend or indemnify these individual officers merely because of the issuance of this Order. This Order provides a means by which Plaintiff may name and properly serve the John and Jane Doe Defendants. Once the information is provided to the Court, Plaintiff's complaint shall be deemed amended to reflect the full names of the unnamed Defendants and the Clerk of Court shall issue amended summonses as to those Defendants so that Plaintiff can serve them. Since Plaintiff paid the filing fee, he must have the summons and complaint served on Defendants himself or request that the Court order service be made by a United States Marshal. *See* Fed. R. Civ. P. 4(c)(3).

The Clerk of Court is respectfully requested to mail a copy of this Order along with the complaint to the Corporation Counsel for the City of New York, Special Federal Litigation Division. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 2, 2019
      Brooklyn, New York